COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Lemons[*]
Argued at Chesapeake, Virginia


CAROLYN BARNES

                                        MEMORANDUM OPINION[**] BY
v.    Record No. 2693-98-1              JUDGE DONALD W. LEMONS
                                             MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Wilford Taylor, Jr., Judge

              Timothy G. Clancy (Moschel, Gallo & Clancy,
              on brief), for appellant.

              (Mark L. Earley, Attorney General; John H.
              McLees, Jr., Assistant Attorney General, on
              brief), for appellee.


     Carolyn Barnes appeals her convictions for receiving stolen

property in violation of Code § 18.2-108 and computer fraud in

violation of Code § 18.2-152.3.  She contends that the evidence

was insufficient to support either of the convictions.  Finding

no error, we affirm the convictions.

     Where the sufficiency of the evidence is an issue on

appeal, an appellate court must view the evidence and all

reasonable inferences fairly deducible therefrom in the light

_____

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990) (citations omitted). Barnes was a police officer for the City of Hampton who had worked for many years as a dispatcher in the communications division.  In late summer of 1992, Barnes' brother, David Boone, purchased a 1992 Ford pickup truck for $1,500.  He knew at the time it was stolen.  Lorrie Barnes ("Lorrie"), his ex-wife, testified that the new vehicle price sticker was still in the truck and showed a listing price of over $20,000.

Lorrie testified that she was present at a conversation between Boone and Barnes in 1992 in the kitchen of the Boone home, in which Boone asked Barnes to check the Vehicle Identification Number (VIN) of the truck to see if it was listed as stolen.  According to Lorrie, Barnes agreed to do so. Although Boone and Barnes denied that Barnes had told Boone in 1992 that the vehicle was stolen, this denial was impeached by a prior inconsistent statement of Boone.  In answer to the question, "tell us what your husband indicated he learned from his sister, the defendant," Lorrie testified, "Yes, he said it was on the stolen list.  If he kept that vehicle for five years, it would be off the stolen list."

From late summer 1992 until February, 1996, Boone kept the new truck hidden in his garage at home.  During this time, Barnes visited Boone's home and was in the garage on several occasions.  Even Boone admitted that it would seem odd for

-

someone to have an obviously new truck in their garage for over four years and never drive it.  Barnes, a trained police officer, allegedly asked no questions and took no action concerning the truck during this time.

In February of 1996, Boone's marriage began to deteriorate and Lorrie insisted that he remove the stolen truck from the premises of their home.  Boone moved the truck to a friend's house where he disassembled it.  The removed parts were hidden at yet another location.

In late 1996, Boone was living with Barnes and took the stripped frame, motor and cab of the truck to her home.  Despite evidence of prior knowledge, Barnes testified that only when the truck was brought to her home did she suspect it was stolen.

Virginia State Trooper Ron Whitley testified as an expert witness on VCIN, the Commonwealth's computerized criminal information system, and how it is connected to the Department of Motor Vehicles (DMV) computerized data banks on motor vehicles. He explained that only an authorized operator is permitted access to it, that all information obtained from the system is required by regulation to be kept confidential, and that use is limited by regulations to criminal justice purposes.  A computer printout was introduced through Trooper Whitley that revealed six separate queries of the system concerning the stolen truck in this case.  All six queries originated from the Hampton Police Department to the DMV.  They occurred on October 6, 1992

-

at 7:02 p.m., October 7, 1992 at 7:42 a.m., November 5, 1996 at 2:05 p.m., December 4, 1996 at 1:25 p.m., December 4, 1996 at 1:27 p.m., and December 4, 1996 at 1:29 p.m. The first two of these inquires, made in 1992, triggered responses that the truck was listed on the DMV computer list of stolen vehicles. The other four inquires, all made in 1996, obtained responses indicating that it was not on the stolen vehicle list. Trooper Whitley explained that a stolen vehicle remains on the list for the calendar year in which it is reported stolen, and then for four more years thereafter, when it is deleted from the list. Barnes knew of this procedure.

Barnes testified that she only became suspicious that the truck had been stolen when Boone brought the stripped truck to her home. Thereafter, she stated that she checked the VIN number and found that the truck was not on the stolen list and was titled to an insurance company. She asked a detective to further check into the matter but did not reveal to the detective that she had already completed a VIN check on the vehicle.

It is uncontested that Boone knowingly received and concealed the stolen truck. Barnes is charged with aiding and abetting the receipt of stolen goods by checking the VIN number for him in 1992, advising him of the results, advising him of the procedure concerning dropping stolen vehicles from the list after five years, and later checking the VIN in 1996 and

-

advising Boone that the truck was off the list of stolen vehicles. The trial court chose to believe the testimony of Lorrie concerning the conversation that took place between Boone and Barnes in 1992. The remaining evidence is consistent with Barnes' knowledge that the truck was stolen and that she aided and abetted Boone's receipt and concealment of the stolen goods.

With respect to the charge of computer fraud under Code § 18.2-152.3, Barnes only alleges that, other than the date she admits, the evidence is insufficient to prove that "Barnes used a computer to run the search of the truck's VIN on the dates in question" and that there were no "false pretenses" employed on the date that she admits checking the VIN number on the computer system. She states that her inquiry on that date was authorized. No other issue concerning application of this statute is before us on appeal.

We cannot say that the trial court was plainly wrong or without evidence to support its finding that Barnes used a computer network without authority in 1992 and in 1996 to help her brother retain the stolen truck.

The convictions are affirmed.

<u>Affirmed</u>.

-